1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

MICHAEL JANISCH,

Defendant.

NO. CR24-216-JHC

DISCOVERY PROTECTIVE ORDER

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

This matter, having come before the Court on the parties' Stipulated Motion for Entry of a Discovery Protective Order, Dkt. # 19, and the Court, having considered the motion, and being fully advised in this matter, hereby enters the following Discovery Protective Order:

1.    **Protected Material**. For purposes of this Discovery Protective Order, "Protected Material" shall include (1) Grand Jury testimony; (2) witness statements; (3) financial information; (5) subscriber information (including phone and utility subscriber information for third parties); and (6) other personal identifying information ("PII")[1]

---

[1] "PII" includes, but is not necessarily limited to, the information identified in Fed. R. Crim. P. 49.1(a) and includes full names, dates of birth, Social Security numbers (or other

Discovery Protective Order - 1
*U.S. v. Michael Janisch*, CR24-216-JHC

1  obtained during the investigation, either via Grand Jury subpoena and/or during the

2  execution of search warrants, including but not limited to personal information about the

3  Defendant and third parties and other sensitive information obtained from the search of

4  social media, cellular telephones, and other digital devices seized during the investigation

5  (collectively, the "Protected Material"). All financial records (including phone, utility,

6  and financial information for third parties), cellular telephone downloads, Grand Jury

7  transcripts, and summaries of financial records provided during discovery will be

8  considered Protected Material without further designation by the government.

9          2.      Other information believed by the government to constitute Protected

10  Material will be so designated by the government. This material may include, but is not

11  limited to, information related to witnesses and third parties, criminal history reports, and

12  related *Giglio* impeachment materials.

13          3.      **Production of Protected Material to the Defense**. The government will

14  make available copies of Protected Material, including those filed under seal directly to

15  defense counsel to comply with the government's discovery obligations, and/or to a

16  Coordinating Discovery Attorney, should one be appointed. Possession of Protected

17  Material is limited to defense counsel, their office staff, investigators, paralegals,

18  assistants, and law clerks, as well as necessary third-party vendors, consultants, and/or

19  experts (hereafter, "members of the defense team"). Members of the defense team may

20  not provide copies of the Protected Material to other persons, including to the Defendant.

21  In addition, defense counsel is required to make a copy of the Discovery Protective Order

22  available to members of the defense team.

23  _____

24  identification information), financial account information (including account numbers), tax
    information, driver's license numbers, addresses, telephone numbers, locations of residences or

25  employment, medical records, school records, juvenile criminal records, and other confidential
    information. The government has endeavored to redact PII as appropriate, but the parties

26  acknowledge and agree that this will not always be possible, and that in some instances un-
    redacted PII may be necessary to the defense.

27  Discovery Protective Order - 2
    *U.S. v. Michael Janisch*, CR24-216-JHC

4. **Review of Protected Material by the Defendant**. The attorney of record and members of the defense team may share and review the Protected Material with the Defendant. If the Defendant is in custody at the Federal Detention Center (FDC), they will be permitted to review the Protected Material, consistent with the regulations established by the BOP, with or without counsel, in a controlled environment at the Federal Detention Center (FDC), but will be prohibited from printing out, copying, or disseminating it. If the Defendant is on pretrial release, they will be permitted to review the Protected Material at the offices of their counsel, but will be prohibited from printing out, copying, or disseminating it.

5. **Limits on Dissemination of Protected Materials**. The attorney of record and members of the defense team acknowledge that providing copies of the Protected Material to a Defendant and other persons is prohibited and agree not to duplicate or provide copies of the Protected Material to a Defendant and other persons. This Discovery Protective Order does not limit employees of the United States Attorney's Office for the Western District of Washington from disclosing the Protected Material to members of the United States Attorney's Office, federal law enforcement agencies, witnesses, and the Court and defense as necessary to comply with the government's discovery obligations.

6. **Future Production of Additional Protected Materials**. Additional types of discovery items may be deemed by the parties to constitute Protected Material upon agreement, or (if no agreement can be reached) by further order of the Court.

7. **No Waiver**. Nothing in this Discovery Protective Order should be construed as imposing any substantive discovery obligations on the government that are different from those imposed by case law and Rule 16 of the Federal Rules of Criminal Procedure. The failure to designate any materials as provided in paragraph 2 shall not

Discovery Protective Order - 3
*U.S. v. Michael Janisch*, CR24-216-JHC

constitute a waiver of a party's assertion that the materials are covered by this Discovery Protective Order.

8.    **Use of Protected Material in Court**. Any Protected Material that is filed with the Court in connection with pretrial motions, trial, or other matter before this Court, shall be filed under seal and shall remain sealed until otherwise ordered by this Court. This does not entitle either party to seal their filings as a matter of course. The parties are required to comply in all respects with the relevant local and federal rules of criminal procedure pertaining to the sealing of court documents.

9.    **Non-Termination**. Furthermore, after any judgment or disposition has become final and there are no pending proceedings, challenges, appeals, or habeas motions in the case, defense counsel shall destroy the Protected Material. If defense counsel finds that retention of the Protected Material in their possession is necessary for authorized reasons, such as professional or ethical obligations, defense counsel shall retain the Protected Material in their case file subject to the restrictions of this Discovery Protective Order.

10.    **Violation of Discovery Protective Order**. Any person who willfully violates this Discovery Protective Order may be held in contempt of court and may be subject to monetary or other sanctions as deemed appropriate by this Court.

11.    **Modification of Discovery Protective Order**. Nothing in this Discovery Protective Order shall prevent any party from seeking modification of this Discovery Protective Order or from objecting to discovery that it believes to be otherwise improper. The parties agree that in the event that compliance with this Discovery Protective Order makes it difficult for defense counsel to adhere to their Sixth Amendment obligations, or otherwise imposes an unworkable burden on counsel, defense counsel shall bring any concerns about the terms of the Discovery Protective Order to the attention of the government. The parties shall then meet and confer with the intention of finding a

Discovery Protective Order - 4
*U.S. v. Michael Janisch*, CR24-216-JHC

1  mutually acceptable solution. In the event that the parties cannot reach such a solution,

2  defense counsel shall have the right to bring any concerns about the scope or terms of the

3  Discovery Protective Order to the attention of the Court by way of a motion.

4      12.    **Agreement to Provide Copies of Protected Material to the Defendant**.

5  Upon agreement of counsel for the government, members of a defense team may provide

6  copies of specific Protected Material, or redacted versions of such material, to the

7  Defendant. When seeking the government's agreement to give such a copy to the

8  Defendant, members of the defense team will identify with reasonable particularity,

9  including (where available) the specific Bates-numbered pages and or recording

10  descriptions, the specific material defense counsel proposes to give to the Defendant.

11  Unless expressly stated otherwise by the government, copies of Protected Material to be

12  provided to the Defendant will continue to be Protected Material subject to all of the

13  protections of this Discovery Protective Order, with the sole exception that a copy can be

14  given only to the Defendant (and not shared with anyone else outside the defense team).

15  If counsel for the government and counsel for the Defendant cannot reach agreement on

16  whether particular portions of the Protected Material or redacted versions of Protected

17  Material should be given to the Defendant under these conditions, defense counsel may

18  raise the issue with the Court by way of a motion.

19      13.    **No Ruling on Discoverability or Admissibility**. This Discovery Protective

20  Order does not constitute a ruling on the question of whether any particular material is

21  properly discoverable or admissible and does not constitute any ruling on any potential

22  objection to the discoverability of any material.

23      14.    **No Ruling on Timing of Production**. This Discovery Protective Order

24  does not require the government to provide particular discovery at a time or in a fashion

25  inconsistent with applicable law.

26

27  Discovery Protective Order - 5
   *U.S. v. Michael Janisch*, CR24-216-JHC

15.    **Addition of Defendants after Entry of Discovery Protective Order**. This Discovery Protective Order will cover additional Defendants in this case so long as they agree to be bound by the terms of this Discovery Protective Order and so indicate that consent by the execution of a supplemental stipulation, which shall be filed as an addendum or supplement to this Discovery Protective Order.

DATED this 25th day of November, 2024.


John H. Chun

JOHN H. CHUN
UNITED STATES DISTRICT JUDGE

Discovery Protective Order - 6
*U.S. v. Michael Janisch*, CR24-216-JHC